**TORY M. PANKOPF, ESQ., SBN 7477**
**TORY M. PANKOPF LTD.**
**611 Sierra Rose Drive**
**Reno, Nevada 89511**
tppankopf@sbcglobal.net
530/725-8263
Attorneys for Plaintiff
WES JOHNSON

# UNITED STATES DISTRICT COURT

## NORTHERN  DISTRICT  OF  NEVADA

WES JOHNSON,

              Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE
INC., a California Corporation, dba
AMERICA'S SERVICING COMPANY,
ET. AL.,

              Defendants.

CASE NO:  **CV-N-05-0321-ECR-RAM**

**RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Date:
Time:
Dept:

**TO THE COURT AND ALL INTERESTED PARTIES:**

Plaintiff WES JOHNSON ("Plaintiff") hereby files his response to Defendant's, WELLS FARGO HOME MORTGAGE ("Defendant")(collectively "Parties"), motion for summary judgment.

////

////

////

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 1 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**I. POINTS AND AUTHORITIES.**

**A. Summary Action.**

The action arises out of the servicing of two mortgage loans purchased and serviced by Wells Fargo. They are: 1) Wells Fargo loan account number 1205031056 for real property commonly known as 5102-5108 N. Fessenden Street, Portland, Oregon, 97203; and 2) Wells Fargo loan account number 1205031055 fro real property commonly known as 9331-9337 N. Adriatic Avenue, Portland, Oregon, 97203 (hereinafter, "Loan 55" and "Loan 56")(collectively, "Loans").  Plaintiff WES JOHNSON ("Plaintiff") alleges Defendant, WELLS FARGO HOME MORTGAGE, INC., dba, AMERICA'S SERVICING COMPANY ("Wells Fargo"), violated: a) 12 U.S.C. 2605 of the Real Estate Servicing Procedures Act ("RESPA"); b) 15 U.S.C. 1982 et. seq. of the Fair Debt Collection Practices Act; c) and 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act ("FCRA").

In sum, after 9 months of multiple phone calls and correspondence to Wells Fargo verifying, with canceled checks and loan documents, that the Loans were current, Wells Fargo put Loan 56 into foreclosure. Additionally, Wells Fargo continuously reported the Loans delinquent to the credit reporting agencies.  Defendants' willful conduct, among other things, precluded Plaintiff from acquiring mortgage loans, refinancing existing mortgage loans, and caused him to have to pay higher interest rates on mortgages and credit lines, including, but not limited to, the reduction or cancellation of existing credit lines.

**B.    Summary Judgment.**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary Judgment should be entered against a party who, after reasonable time for discovery and upon motion, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id.  "A complete failure of proof concerning an essential element of the non-moving party's case necessarily

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

renders all other facts immaterial, and the moving party is entitled to judgment as a matter of law." Id. at 323.  There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Summary Judgment is appropriate where, as here, the undisputed evidence supports only one reasonable inference. See Braxton-Secret v. A.H. Robins Co., 769 F.2d 528, 531 (9th Cir.1985) (holding that "where the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment").

The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law.  Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990).  Moreover, if the evidence favoring the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Id.  (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). Unsupported speculation is insufficient to defeat a motion for summary judgment.  *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

### C. Plaintiff's Mortgages are Federally Related Mortgage Loans Subject to RESPA.

### 1. Defendant is Equitably Estopped and Has Waived its Contention that RESPA is Not Applicable to the Two Mortgages.

Defendant has admitted in its answer to the verified amended complaint at paragraphs 23 and 24 that it sent notice to Plaintiff regarding its acquisition of the two mortgages in compliance with RESPA.  Defendant has admitted in its affirmative defenses numbers 2, 10, 11, 14, and 15, that it complied with RESPA.  See Defendant's Answer to Plaintiff's Verified Amended Complaint attached as Exhibit "1".  Defendant has taken the position that the two mortgages required it to comply with RESPA.  Now, after almost 3 years, the Defendant is taking a new and opposite position that it does not have to comply with RESPA.  The Defendant is estopped from taking two different positions in the same action.  The Defendant has waived any such contention that RESPA does not apply to the two mortgages.

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Accordingly, the motion should be denied regarding its contention that RESPA is not applicable to the two federally related mortgages it had been servicing.

### 2. The Defendant Admits the Two Mortgages are "Federally Related Mortgage Loans" as Defined by RESPA.

The Defendant does not deny the Plaintiff's mortgages are "federally related mortgage loan" as defined by 12 U.S.C. s 2602(1).  RESPA applies only to those loans which are "federally related mortgage loans" as that term is defined at 12 U.S.C. § 2602(1) (1982). *Peoples Nat. Bank of Liberal v. Molz*, Kan.1986, 718 P.2d 306, 308.  Among other requirements, a federally related mortgage loan must be secured by a "first lien on residential real property." Id.  The loans which the individual buyers obtained to finance the purchase of their separate units qualify as federally related mortgage loans.  *Aiea Lani Corp v. Hawaii Escrow & Title, Inc.*, 64 Haw. 638, 643, 647 P.2d 257 (1982).  Regulation X clarifies Section 2602(1) by setting forth five requirements which must be met for a loan to be considered a federally related mortgage loan.  Id.    It provides in pertinent part that: (1) The proceeds of the loan are used in whole or in part to finance the purchase by the borrower, or other transfer of legal title of the Mortgaged Property; (2) The loan is secured by a first lien or other first security interest covering real estate; (3) which is a condominium unit (or a first lien covering a cooperative unit) designed principally for the occupancy of from 1 to 4 families; (4) The Mortgaged Property is located in a State; and (5) The loan is made by a Lender meeting the requirements of  RESPA.  Id.  Here, Plaintiff has met all five requirements for each mortgage.  Therefore, it is undeniable that the two mortgages are federally related mortgage loans and subject to RESPA.

### 3.  Credit Extensions

Now, after over 3 years, the Defendant contends that it does not have to comply with RESPA regarding the two federally related mortgage loans because they are related to a "business purpose" as exempted by Section 2606(a).  The Defendant conveniently ignores the fact that it has insisted from the time it filed its answer to the original complaint that it has complied with RESPA.  See Defendant's affirmative defenses numbers 2, 10, 11, 14, and 15 in

- 4 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendant's Answer to Plaintiff's Verified Complaint attached as <u>Exhibit</u> "2" and see <u>Exhibit</u> "1".

The Defendant does not cite to and conspicuously ignores the only case law that provides any interpretation of the applicability of Section 2606.  That case is *<u>Lingo v. City of Albany Dept. of Community & Economic Development</u>*, C.A.11 (Ga.) 2006, 195 Fed.Appx. 891, 2006 WL 2595095.

In *<u>Lingo</u>*, the plaintiff, a business owner, brought an action against the City of Albany for, among other things, violation of RESPA after the City foreclosed on his real property.  The Plaintiff had participated in a City program to loaning money to small businesses.  The Plaintiff borrowed $25,000 from the City and executed a promissory note which was secured by a deed of trust on his residence.  When the Plaintiff defaulted on the loan, the City foreclosed on his residence to collect the money it was by the Plaintiff.

The <u>Lingo</u> court correctly and obviously concluded that the loan was made for a business.  The Plaintiff had borrowed money from the City for the purpose of developing his pest control business.  Id. @ 1.  Unlike <u>Lingo</u>, plaintiff in the present action borrowed money to purchase both real properties, and each loan was secured by each real property.  So, if the proceeds from a loan are used for any purpose other than purchasing the real property it is secured by, then RESPA does not apply.

**a.  Defendant does not Provide any Authority Supporting its Contention.**

Defendant's contention that secured credit transactions used to acquire rental properties are not covered by RESPA is false.  First, Defendant does not provide any authority (i.e., statutory, regulatory, or case law) that supports its contention.  The Defendant improperly implies that *<u>Ford Motor Credit Co. v. Milhollin</u>*, 444 U.S. 555, 566, n.9 (1980) supports its contention. It does not.  <u>Ford Motor Credit</u> states only that the Truth in Lending Act ("TILA") is best construed by those who gave it substance in promulgating regulations there under.

Second, Section 2606(b) provides that when the prescribing regulations under Section 2617(a), the Secretary shall ensure that, with respect to subsection (a) of Section 2606, the exemptions of credit transactions involving extensions of credits primarily for business,

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 5 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

commercial or agricultural purposes, as provided in subsection (a)(1) of Section 2606, shall be the same as the exemption for such credit transactions under 15 U.S.C. s 1603(1) of the Truth in Lending Act ("TILA").  Subsection (b)(2) of 24 C.F.R. 3500.5(b)(2) of RESPA Regulation X provided that a person may rely upon Regulation Z [12 C.F.R. s 226.3(a)(1)] in determining whether the exemption is applicable.

Third,  Defendant's contention is absurd because if it were true RESPA would not apply to every single loan securing residential real property designed principally for the occupancy of 1 to 4 families [as provided for in Section 2602(1)(A)].  The Defendant's contention means that RESPA applies only to residential real property designed principally for 1 family and that family must be the owner of the federally related mortgage loan.  Why? Because every residential real property designed for more than on family must be rental property.  If the court were to accept this absurd contention, RESPA would be turned on its head and lenders would not have to comply with RESPA because every mortgage on a residential real property designed for more than one family and every one family resident not occupied by the owner of the mortgage would be rental property.

Fourth, Defendant is confused regarding the difference between the TILA and RESPA.  The TILA is applicable to loan transactions that are consumer credit, thus, requiring certain disclosures by the creditor to the debtor.  RESPA is applicable to mortgage loans that are federally related mortgage loans, thus, requiring the lender to comply with the servicing requirements of RESPA.  Consumer credit transactions defined under the TILA are not the same as federally related mortgage loans as defined under RESPA.  So, the analysis determining whether a loan is consumer credit or made for business purposes under the TILA is completely different from the analysis of whether a mortgage loan is a federally related mortgage loan or a loan made for business purposes.

In fact, the Defendant continues to demonstrate its confusion by incorrectly relying on *Thorns v. Sundance Properties*, 726 F.2d 1417, 1719 (9th Cir. 1984).  Thorns pertains to an analysis as to whether an investment loan to purchase a limited partnership was consumer credit.  The court relied upon the Federal Reserve Board's ("FRB") official staff interpretation

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 6 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

of Regulation Z's exemption regarding whether credit to finance an acquisition of securities, art, or antiques is primarily for business purposes as opposed to consumer credit.  Id.  The court concluded that the whether an investment loan is for a personal or business purpose requires as case by case analysis.  Id. Thus, the TILA may or may not be applicable to the present investment loan.  Id.

Ultimately, the Defendant incorrectly relies upon *In re Fricke* 113 B.R. 856 (Bkrtcy.E.D.Pa. 1990) and *Adema v Great Northern Development Co.*, 374 F.Supp. 318 (N.D.Ga 1973).  Fricke involves an analysis as to whether a loan was subject to the TILA where $60,000 of loan proceeds used to payoff a mortgage and Adema involves an analysis as to whether a loan used to purchase vacant lots was subject to the TILA.  Without connecting the dots, the Defendant erroneously concludes that these 2 cases supports its analysis that RESPA does not apply to Plaintiff's two federally related mortgage loans.

Accordingly, Defendant's motion should be denied.

**D.  Plaintiff is not Contending that the FCRA is Applicable to his Business Transactions.**

**1.  Defendant Failed to Conduct a Reasonable Investigation.**

Again, the Defendant is confused and misses the point.  The Plaintiff is not contending that his credit report has been misused.  The Plaintiff's second cause of action contends that the Defendant did not conduct a reasonable investigation into the accuracy of the information it reported to the credit reporting agencies (CRAs).  See paragraph 104 of Plaintiff's Verified Amended Complaint attached hereto as Exhibit "3".

The three cases cited in support of its contention are misplaced.   In *Boothe v. TRW Credit Data*, 523 F.Supp. 631, 633 (S.D.N.Y. 1981), the court held a plaintiff may not recover under the FCRA for losses resulting from the use of a credit report solely for a commercial transaction.  In *Matthews v. Worthen Bank & Trust Co.*, 741 F.2d 217, 219 (8th Cir. 1984), the court dismissed the plaintiff's complaint where his credit report was used for an application for a lease and to purchase a store.   In *Lucchessi v. Experian Information Solutions, Inc.*, 226 F.R.D. 172, 174 (S.D.N. Y. 2005, the court held that the defendant's report to a bank regarding

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 7 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

the plaintiff's proposal to guarantee financing of business operated by plaintiff was not a consumer report.  Lastly, the Defendant relies on the Federal Trade Commissions comments on the FCRA where it states that a report on a consumer for credit or insurance in connection with a business operated by the consumer is not a consumer report and the Act does not apply.  All authority cited by Defendant relates to the use of a consumer report for a business.  Again, the Plaintiff is not claiming his credit report has been misused.  The Plaintiff contends that the Defendant failed to conduct a reasonable investigation into the debt it was reporting to the CRAs after it had notice that the information was not accurate.

Accordingly, the Defendant's motion should be denied.

**a.  Defendant has Admitted it was Notified that Plaintiff had Disputed the Information it was Reporting to the CRAs.**

Defendant's affirmative defense number 25 in both its original answer to Plaintiff's verified complaint and its answer to Plaintiff's amended verified complaint admits that it had notice that the Plaintiff was disputing the accuracy of the information the Defendant was reporting to the CRAs.  See Defendant's affirmative defense number 25 to both <u>Exhibit</u> "1" and <u>Exhibit</u> "2".

Accordingly, Defendant's motion should be denied.

**2.  Plaintiff does not Have a Cause of Action based upon Section 1681s-2(a).**

Defendant is confused again.  Plaintiff has not alleged a violation of Section 1681s-2(a).  Thus, the issue is not relevant.

Accordingly, the motion should be denied.

**E.  Plaintiff is a Consumer and Defendant is a Debt Collector.**

**1.  The Federally Related Mortgage Loans are Not Business Loans.**

The Defendant makes a conclusory statement that the two mortgages are commercial in nature.  The mortgages are primarily for personal, family or household purposes.  Specifically, the real properties are part of, among other purposes, the Plaintiff's retirement planning.  See declaration of Wes Johnson attached hereto.  Planning for one's retirement is not a business loan.

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

The question as to whether the mortgages are commercial in nature or primarily for personal, family, or household purposes is a question of fact left for the jury to decide.

Accordingly, the motion should be denied.

**2.  Defendant is a Debt Collector.**

The Defendant's reliance on the application of *Fleeger v. Bell*, 95 F.Supp.2d 1126, 1130 (D.Nev. 2000).  FDCPA does provides that "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" may also fall within the ambit of the term "debt collector." Id.

Here, the Defendant uses the dba "America's Servicing Company" ("ASC") and the Plaintiff sued the Defendant under this dba.  Unlike Fleeger, the Plaintiff did not incur his obligation with either ASC or the Defendant.  The mortgages were originally obtained through Resource Concepts (the original creditor) and were eventually assigned to the Defendant.  The Plaintiff did not discover that ASC was actually Defendant until prior to filing his complaint. Not knowing the relationship between ASC and Defendant would lead a person to believe the mortgage debts were being collected by a third party other than the actual creditor.  As such, the Defendant is a debt collector as defined by the FDCPA.  Further, it is a question of fact as to whether the Defendant is a debt collector.

Accordingly, the Defendant's motion should be denied.

**F.  Economic Loss Doctrine is not Applicable.**

Plaintiff's negligence cause of action is not a common-law negligence claim.  The Plaintiff's causes of action based upon RESPA and the FCRA impose a statutory duty on the Defendant that is owed to the Plaintiff.  Defendant contends, again, that the statutory duty imposed it by RESPA and the FCRA is not applicable because the mortgage loans were for commercial purposes.  Defendant is barred from making such contention because it has already admitted that RESPA and the FCRA are applicable to the mortgages and whether they are is a question of fact.

Accordingly, the motion should be denied.

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 9 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**G.  Conclusion.**

For the foregoing reasons, the Defendant's motion should be denied in its entirety.

DATED:  September 3, 2007                **TORY M. PANKOPF LTD.**



BY:_/S/ TORY M. PANKOPF_____
        611 Sierra Rose Drive
        Reno, Nevada  89511
        (530) 725-8263
        *Attorney for Plaintiff*
        WES JOHNSON

Law Offices of
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 10 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**<u>AFFIDAVIT OF WES JOHSON</u>**

I, WES JOHNSON, declare and state:

1. I am the plaintiff in this action. I have personal knowledge of the contents stated herein. If called upon to testify as to the contents of this affidavit, I would do so competently.

2. The two mortgages that are the subject of this action are part of, among other purposes, my comprehensive plan for retirement for myself and family.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed this 3rd day of September, 2007, in the Township of Incline Village, Nevada.


 /S/ WES JOHNSON
  Wes Johnson

**Law Offices of**
**Tory M. Pankopf, Ltd.**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 11 -

RESPONSE TO MOTION FOR SUMMARY JUDGMENT